STEVEN T. GUBNER – Bar No. 156593
COREY R. WEBER – Bar No. 205912
**EZRA BRUTZKUS GUBNER LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: 818.827.9000
Facsimile: 818.827.9099
Emails:   sgubner@ebg-law.com
          cweber@ebg-law.com

Special Litigation Counsel for
Howard M. Ehrenberg, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:09-bk-19539-ER |
| RUDERMAN CAPITAL PARTNERS, LLC, | Chapter 7 |
| Debtor. | Adv. No. 2:10-ap-02329-ER |
| EIN No. xxx-0994 | **FIRST AMENDED COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A) and (B), 550(a)(1) and (2) and California Civil Code § 3439, *et seq.*]** |
| HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE, | |
| Plaintiff, | **Status Conference:** |
| v. | Date: To be set. |
| JEROLD WEBER, an individual, | Time: To be set. |
| Defendant. | Place: Courtroom 1568 |
| | United States Bankruptcy Court |
| | 255 E. Temple Street |
| | Los Angeles, CA 90012 |

**TO DEFENDANT JEROLD WEBER:**

Plaintiff, Howard M. Ehrenberg, Chapter 7 Trustee (the "Trustee") acting on behalf of the estate (the "Estate") of Debtor Ruderman Capital Partners, LLC (the "Debtor"), complaining of defendant Jerold Weber, an individual ("Defendant"), alleges as follows:

## STATEMENT OF JURISDICTION AND PROCEEDINGS

1. On or about April 23, 2009 (the "Petition Date"), petitioning creditors Pacific Credit Corporation, Ryan Wald and the Jordan and Dori Katz Family Trust of 2006 filed an involuntary petition under Title 11, Chapter 7 of the United States Code. The Order for Relief on the involuntary petition was entered by the Court on May 27, 2009.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(b)(1), (2)(H). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to the Debtor's case under Title 11, Chapter 7 of the United States Code that is still pending.

3. The notice of appointment of Howard M. Ehrenberg as Chapter 7 Trustee and fixing of bond and acceptance of appointment was executed by the Trustee on or about June 5, 2009 and was filed with the Court the same day (the "Order Appointing the Trustee"). The Trustee has standing to bring this adversary proceeding on behalf of the Estate pursuant to the Order Appointing the Trustee.

4. This Complaint seeks to recover for the benefit of the Estate property fraudulently transferred by the Debtor to Defendant.

5. The Trustee is informed and believes, and based thereon alleges, that Defendant is an individual who, at all times herein mentioned, conducted business in, and/or resides in, the Central District of California.

/ / /

/ / /

## GENERAL ALLEGATIONS

6. The Trustee is informed and believes, and based thereon alleges, that the Debtor, was a hedge fund with its principal place of business in Beverly Hills, California, operated by its manager, Ruderman Capital Management, LLC ("RCM") and by RCM's managing member, Bradley L. Ruderman ("Ruderman").

## RUDERMAN'S ARREST AND GUILTY PLEA IN RELATION TO OPERATING THE DEBTOR AS A PONZI SCHEME, AMONG OTHER THINGS

7. The Trustee is informed and believes, and based thereon alleges, that on or about May 14, 2009, the United States Department of Justice filed a criminal complaint against Ruderman for knowingly and intentionally executing a scheme to defraud investors related to the Debtor, engaging in wire fraud, among other things (United States District Court Case No. CR 0900757, pending in the Central District of California, Western Division). The Trustee is further informed and believes, and based thereon alleges that Ruderman surrendered to Federal Bureau of Investigation agents following the criminal charges.

8. The Trustee is informed and believes, and based thereon alleges, that on or about August 6, 2009, the United States Department of Justice filed further information regarding five counts against Ruderman for wire fraud (two separate counts), investment advisor fraud (two separate counts), and willful failure to file a tax return (one count). Among other things, the filing by the Department of Justice alleged that "Defendant RUDERMAN would not invest the money entrusted to him by victim-investors as he had promised to do. Instead, without informing the victim-investors or obtaining their authorization, defendant RUDERMAN would use the victim-investor funds to make "interest" payments and returns of capital to other victim-investors; to fund cash disbursements to himself; to fund his gambling activities; and to pay his own personal expenses and obligations arising from other business activities."

9. The Trustee is informed and believes, and based thereon alleges, that on or about August 24, 2009 Ruderman pleaded guilty to all five criminal counts against him. The Trustee is further informed and believes, and based thereon alleges that Ruderman was sentenced by the District Court on or about January 11, 2010 to more than 10 years in federal prison.

3

10. The Trustee is informed and believes, and based thereon alleges, that the Debtor was a Ponzi scheme where incoming funds from investors in, and members of, the Debtor, were used to keep the operation going, to make distributions to other investors, and to pay for Ruderman's personal expenses and gambling. As part of the Ponzi scheme, certain of the funds invested in the Debtor by investors were transferred to persons and entities, such as Defendant, who were not entitled to receive the transfers.

### THE DEFENDANT'S CONNECTION WITH THE DEBTOR

11. The Trustee is informed and believes that the Defendant did not have any contractual or other relationship with the Debtor, that the Defendant was not a member of, investor in, or creditor of, the Debtor, and that the Defendant improperly received funds of the Debtor. The Trustee is further informed and believes that the Defendant received funds from the Debtor as payments for the summer rental of a house in Malibu, California for multiple years. The house rental was for the personal use of Bradley Ruderman and was not an authorized or legal use of the funds of the Debtor, and was paid for from funds of investors in, and members of, the Debtor.

### FIRST CLAIM FOR RELIEF
### AVOIDANCE OF FRAUDULENT TRANSFER
### AGAINST DEFENDANT (ACTUAL INTENT)
### [11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(1) and 3439.07]

12. The Trustee repeats and realleges the allegations in above paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. The Trustee is informed and believes and thereon alleges that during the seven-year period immediately preceding the Petition Date, the Debtor made transfers of the Property listed in **Exhibit "A"** attached hereto and incorporated herein by this reference (the "7-Year Transfers") to the Defendant on the dates and in the amounts set forth therein with the actual intent to delay, hinder or defraud the Debtor's creditors.

14. By reason of the foregoing, the 7-Year Transfers are avoidable pursuant to 11 U.S.C. § 544 and Civil Code § 3439.04(a)(1) and 3439.07.

## SECOND CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER

## AGAINST DEFENDANT (ACTUAL INTENT)

## [11 U.S.C. § 548(a)(1)(A)]

15. The Trustee repeats and realleges the allegations in above paragraphs 1 through 11, inclusive, as though fully set forth herein.

16. The Trustee is informed and believes and thereon alleges that during the two year period immediately preceding the Petition Date, the Debtor made transfers of the Property listed in **Exhibit "B"** attached hereto and incorporated herein by this reference (the "2-Year Transfers") to Defendant on the dates and in the amounts set forth therein with the actual intent to delay, hinder or defraud the Debtor's creditors.

17. By reason of the foregoing, the 2-Year Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

## THIRD CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFERS

## AGAINST DEFENDANT (CONSTRUCTIVE FRAUD)

## [11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07]

18. The Trustee realleges each and every allegation contained in paragraphs 1 through 11 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

19. The Trustee is informed and believes and thereon alleges that during the four-year period immediately preceding the Petition Date the Debtor made transfers of the Property listed in **Exhibit "C"** attached hereto and incorporated herein by this reference (the "4-Year Transfers") to Defendant. Each of the 4-Year Transfers (*see* Exhibit "C") was made without Debtor receiving a reasonably equivalent value in exchange for such transfer and: (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the Debtor was an unreasonably

small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

20.  By virtue of the foregoing, the 4-Year Transfers constituted fraudulent transfers pursuant to 11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07.

### FOURTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFERS

### AGAINST DEFENDANT (CONSTRUCTIVE FRAUD)

### [11 U.S.C. § 548(a)(1)(B)]

21.  The Trustee realleges each and every allegation contained in paragraphs 1 through 11 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

22.  The Trustee is informed and believes and thereon alleges that each of the 2-Year Transfers (*see* Exhibit "B") was made without Debtor receiving a reasonably equivalent value in exchange for such transfer; and: (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

23.  By virtue of the foregoing, the Fraudulent Transfers constituted fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

### FIFTH CLAIM FOR RELIEF

### RECOVERY OF AVOIDED TRANSFERS AGAINST DEFENDANT

### [11 U.S.C. § 550(a)(1) and (2)]

24.  The Trustee realleges each and every allegation contained in paragraphs 1 through 11 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

25. By reason of the foregoing, the Trustee is entitled to recover for the benefit of the Estate the 2-Year Transfers from the Defendant pursuant to 11 U.S.C. § 550(a).

## SIXTH CLAIM FOR RELIEF

### RECOVERY OF AVOIDED TRANSFERS AGAINST DEFENDANT

**[11 U.S.C. §§ 544 and 550, and California Civil Code § 3439.07]**

26. The Trustee realleges each and every allegation contained in paragraphs 1 through 11 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

27. By reason of the foregoing, the Trustee is entitled to recover for the benefit of the Estate the 7-Year Transfers and the 4-Year Transfers from the Defendant pursuant to 11 U.S.C. §§ 544 and 550, and Civil Code § 3439.07.

**WHEREFORE**, The Trustee respectfully prays for judgment against the Defendant as follows:

1. On the first claim for relief, that the 7-Year Transfers be avoided for the benefit of the Estate;

2. On the second claim for relief, that the 2-Year Transfers be avoided for the benefit of the Estate;

3. On the third claim for relief, that the 4-Year Transfers be avoided for the benefit of the Estate;

4. On the fourth claim for relief, that the 2-Year Transfers be avoided for the benefit of the Estate;

5. On the fifth claim for relief, for relief as follows:

- to recover the value of the 2-Year Transfers from Defendant, for the benefit of the Estate, in the amount of $395,000.00, plus interest at the maximum legal rate from the date of the 2-Year Transfers, or such other amount as shall be shown by proof prior to judgment herein;

6. On the sixth claim for relief, for relief as follows:

1 | • to recover the value of the 7-Year Transfers from Defendant, for the benefit of
2 | the Estate, in the amount of $755,000.00, plus interest at the maximum legal rate from
3 | the date of the 7-Year Transfers, or such other amount as shall be shown by proof prior
4 | to judgment herein;

5 | • to recover the value of the 4-Year Transfers from Defendant, for the benefit of
6 | the Estate, in the amount of $600,000.00, plus interest at the maximum legal rate from
7 | the date of the 4-Year Transfers, or such other amount as shall be shown by proof prior
8 | to judgment herein; and,

9 | 7. On all claims for relief; that the Trustee be awarded costs incurred in connection
10 | with this action;

11 | 8. For such other and further relief as this Court deems just and proper.

13 | DATED: August 11, 2010

Respectfully submitted,

**EZRA BRUTZKUS GUBNER LLP**

By: /s/ Steven T. Gubner
STEVEN T. GUBNER
COREY R. WEBER
Special Litigation Counsel for Plaintiff,
Howard M. Ehrenberg,
Chapter 7 Trustee

# EXHIBIT A

## 7-YEAR TRANSFERS

| TRANSFER DATE | PAYEE | AMOUNT |
|---|---|---|
| 3/17/05 | Jerold Weber | $155,000.00 |
| 3/31/06 | Jerold Weber | $205,000.00 |
| 5/11/07 | Jerold Weber | $225,000.00 |
| 5/16/08 | Jerold Weber | $170,000.00 |
| **TOTAL** | | **$755,000.00** |

*230045*

## EXHIBIT B

## 2-YEAR TRANSFERS

| TRANSFER DATE | PAYEE | AMOUNT |
|---|---|---|
| 5/11/07 | Jerold Weber | $225,000.00 |
| 5/16/08 | Jerold Weber | $170,000.00 |
| **TOTAL** | | **$395,000.00** |

*230045*

## EXHIBIT C

### 4-YEAR TRANSFERS

| TRANSFER DATE | PAYEE | AMOUNT |
|---|---|---|
| 3/31/06 | Jerold Weber | $205,000.00 |
| 5/11/07 | Jerold Weber | $225,000.00 |
| 5/16/08 | Jerold Weber | $170,000.00 |
| **TOTAL** | | **$600,000.00** |

*230045*

EXHIBIT "C"    11

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| STEVEN T. GUBNER - Bar No. 156593<br>COREY R. WEBER - Bar No. 205912<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91360<br>Telephone: 818.827.9000<br>Facsimile:  818.827.9099<br>Email: sgubner@ebg-law.com; cweber@ebg-law.com<br>*Attorney for Plaintiff*   Howard M. Ehrenberg, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>RUDERMAN CAPITAL PARTNERS, LLC,<br><br>                                                                     Debtor.<br><br>HOWARD M. EHRENBERG, Chapter 7 Trustee,<br><br>                                                     vs.                         Plaintiff(s),<br><br>JEROLD WEBER, an individual,<br><br>                                                                 Defendant(s). | CHAPTER   7<br>CASE NUMBER   2:09-bk-19539-ER<br>ADVERSARY NUMBER  2:10-ap-02329-ER<br><br>*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br>**ALIAS**<br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:**          **Time:**          **Courtroom:** 1568          **Floor:**

[X]  255 East Temple Street, Los Angeles          [ ]  411 West Fourth Street, Santa Ana

[ ]  21041 Burbank Boulevard, Woodland Hills    [ ]  1415 State Street, Santa Barbara

[ ]  3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By:_____
*Deputy Clerk*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)

**F 7004-1**
F70041