STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
H. Alexander Fisch (CA State Bar No. 223211)
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
Email: afisch@stutman.com

Attorneys for Jerold Weber

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>RUDERMAN CAPITAL PARTNERS, LLC,<br><br>                         Debtor.<br><br>EIN No. xxx-0994<br><br>HOWARD M. EHRENBERG, chapter 7 trustee,<br><br>                         Plaintiff,<br><br>  v.<br><br>JEROLD WEBER, an individual,<br><br>                         Defendant. | Case No. 2:09-bk-19539-ER<br><br>Chapter 7<br><br>Adv. No. 2:10-ap-02329-ER<br><br>**ANSWER OF JEROLD WEBER TO FIRST AMENDED COMPLAINT**<br><br>**[Jury Trial Demanded]**<br><br>**<u>Status Conference:</u>**<br>**Date**: December 2, 2010<br>**Time**: 10:00 a.m.<br>**Place**: Courtroom 1568<br>        United States Bankruptcy Court<br>        255 E. Temple Street<br>        Los Angeles, CA 90012 |

545267v1

Defendant, Jerold Weber ("Defendant"), through his undersigned counsel, hereby responds to the numbered paragraphs of the First Amended Complaint to Avoid and Recover Fraudulent Transfers (the "Complaint") of Howard M. Ehrenberg, chapter 7 trustee, (the "Trustee") in this Adversary Proceeding (the "Proceeding") as follows:

1. Defendant denies knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant states that the allegations set forth in Paragraph 2 of the Complaint are comprised of Plaintiff's conclusions of law, to which no answer is required.  Defendant states that he does not challenge the jurisdiction of this Court for the purposes of this action only.

3. Defendant denies knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant denies the allegations of Paragraph 4 of the Complaint, except admits that the Complaint purports to assert a fraudulent transfer claim.

5. Defendant admits that he is an individual who resides in the Central District of California, and, except as so expressly admitted, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that the Debtor and Bradley Ruderman were alter egos of one another.  Defendant lacks sufficient information or belief to admit or deny the remainder of the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint, provided, however, that Defendant admits that he was not a member of, or investor in, the Debtor, and that Defendant received rental payments.

12.     Defendant incorporates herein by reference Paragraphs 1 through 11, above, in response to Paragraph 12 of the Complaint.

13.     Defendant admits that he received transfers in the amounts listed in Exhibit A of the Complaint, and, except as so expressly admitted, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant incorporates herein by reference Paragraphs 1 through 11, above, in response to Paragraph 15 of the Complaint.

16.     Defendant admits that he received transfers in the amounts listed in Exhibit B of the Complaint, and, except as so expressly admitted, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant incorporates herein by reference Paragraphs 1 through 11, above, in response to Paragraph 18 of the Complaint.

19.     Defendant admits that he received transfers in the amounts listed in Exhibit C of the Complaint.  Defendant denies that the Debtor made the transfers without receiving reasonably equivalent value in exchange for such transfers.  Except as admitted or denied, Defendant lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant incorporates herein by reference Paragraphs 1 through 11, above, in response to Paragraph 21 of the Complaint.

22.     Defendant admits that he received transfers in the amounts listed in Exhibit B of the Complaint.  Defendant denies that the Debtor made the transfers without receiving reasonably equivalent value in exchange for such transfers.  Except as admitted or denied, Defendant lacks

545267v1

sufficient information or belief to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant incorporates herein by reference Paragraphs 1 through 11, above, in response to Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant incorporates herein by reference Paragraphs 1 through 11, above, in response to Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

## SEPARATE AFFIRMATIVE DEFENSES

28. Without conceding the burden of proof as to any of the following, and without waiving the right to have Plaintiff present prima facie evidence in support of each and every cause of action alleged against Defendant, Defendant provides the following additional defenses. Defendant reserves the right to add additional defenses as appropriate.

## FIRST AFFIRMATIVE DEFENSE

29. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

30. The Complaint, and each cause of action alleged therein, fails to plead allegations of fraud with requisite particularity.

## THIRD AFFIRMATIVE DEFENSE

31. At no time before the commencement of this Proceeding has Defendant ever received an instrument, evidence of a transfer, or any piece of information indicating that Bradley Ruderman was not the source of funds used to pay rent for Defendant's rental property. To the contrary, every representation made to Defendant, and fact discovered by Defendant, before the commencement of this Proceeding has indicated that the source of funds for payment of rent to Defendant for all lease periods was Bradley Ruderman.

32. During Defendant's due diligence in connection with the first rental term of Defendant's Malibu, California house at issue in this Proceeding, Defendant contacted an individual purporting to be Bradley Ruderman's personal banking officer with City National Bank. This personal banking officer represented to Defendant that Bradley Ruderman had sufficient funds in his personal account at City National Bank to pay the amount owed on account of the lease of Defendant's rental house, and, on information and belief, all amounts at issue in the Complaint were transferred to Defendant from City National Bank. As a result of the misrepresentations and deceptions of the Debtor, Bradley Ruderman, and others, Defendant has at all times believed that he was transacting exclusively with Bradley Ruderman in all respects. Despite the fact that Defendant conducted due diligence that was, at a minimum, reasonable for a similarly situated contract counterparty, Defendant was not aware at any time before the commencement of this Proceeding of any allegation that Bradley Ruderman or the Debtor were part of a Ponzi scheme or other fraud.

33. On multiple occasions, Bradley Ruderman told Defendant that he needed constant internet access and telephone service at the rental house so that he could conduct the business of the Debtor at the rental property. Defendant is informed and believes that Bradley Ruderman used the rental property for other business purposes, including providing for investors and the general public the appearance of a successful fund manager. Defendant is informed and believes that Bradley Ruderman used the rental home for the benefit of the Debtor and in furtherance of Bradley Ruderman's role as managing member of the Debtor.

34. Based on the foregoing, and on information and belief, including the conclusions and allegations of the United States Department of Justice, Bradley Ruderman and the Debtor shared a unity of ownership and interest. Defendant is further informed and believes that, at all times, the Debtor and Bradley Ruderman transferred money between one another, investors, and contract parties without regard to corporate form. Defendant is also informed and believes that Bradley Ruderman exercised dominion and control over the Debtor, and that the Debtor had no discretion regarding the funds deposited in its name and simply took direction from Bradley Ruderman as to how funds would be disbursed. As a result, Defendant has been severely and inequitably prejudiced, particularly as compared to "investors" in the Debtor's scheme.

545267v1

35. Bradley Ruderman and the Debtor were at all times alter egos of one another.

**FOURTH AFFIRMATIVE DEFENSE**

36. Defendant incorporates herein by reference Paragraphs 31 through 35.

37. The amount of the rental payments was, in each instance, consistent with the fair market value of the use of the rental house.

38. Defendant acted, at all times, in good faith, and, in each instance, provided reasonably equivalent value to the Debtor, whether directly or indirectly, in exchange for the transfers he received.

39. By reason of the foregoing, Defendant may retain any interest transferred by the Debtor under 11 U.S.C. § 548(c).

**FIFTH AFFIRMATIVE DEFENSE**

40. Defendant incorporates herein by reference Paragraphs 31 through 35, and 36 through 38.

41. By reason of the foregoing, Defendant may retain any interest transferred by the Debtor under 11 U.S.C. § 544 and California Civil Code § 3439.08(a).

**SIXTH AFFIRMATIVE DEFENSE**

42. Defendant incorporates herein by reference Paragraphs 31 through 35.

43. Defendant is informed and believes that all transfers at issue in this Proceeding were performed by converting funds, or a check, drawn from, or on, the Debtor's business account into funds directed, or a cashier's check made payable, to Defendant.

44. Defendant is informed and believes that Bradley Ruderman exercised dominion and control over the Debtor's funds when he converted the funds, or checks, drawn from, or on, the Debtor's business account into funds directed, or cashier's checks payable, to Defendant.

45. By reason of the foregoing, and to the extent that any transfer is deemed voidable under 11 U.S.C. §§ 544 or 548, Trustee may not recover any funds transferred to Defendant because Defendant is a "subsequent transferee" who provided value, acted in good faith, and had no knowledge of the transfers' voidability, pursuant to 11 U.S.C. § 550(b)(1).

545267v1

### SEVENTH AFFIRMATIVE DEFENSE

46. Defendant incorporates herein by reference Paragraphs 31 through 35, and 43 through 44.

47. By reason of the foregoing, and to the extent that any transfer is deemed voidable under 11 U.S.C. § 544 and California Civil Code § 3439.04, Trustee may not recover any funds transferred to Defendant because Defendant is a "subsequent transferee" who provided value and acted in good faith, pursuant to 11 U.S.C. § 544 and California Civil Code § 3439.08(b)(2).

### EIGHTH AFFIRMATIVE DEFENSE

48. Defendant incorporates herein by reference Paragraphs 31 through 35, and 37 through 38.

49. By reason of the foregoing, and to the extent that any transfer is deemed voidable under 11 U.S.C. § 544 and California Civil Code § 3439.04, Defendant, as a good faith transferee, is, to the extent of the value given to Bradley Ruderman's alter ego, the Debtor, entitled to: (1) a lien on or a right to retain any interest in the asset transferred; (2) enforcement of any obligation incurred; or (3) a reduction in the amount of the liability of any judgment obtained by the Debtor, pursuant to 11 U.S.C. § 544 and California Civil Code § 3439.08(d).

### NINTH AFFIRMATIVE DEFENSE

50. Defendant incorporates herein by reference Paragraphs 31 through 35, and 37 through 38.

51. By reason of the foregoing, and to the extent that any transfer is deemed voidable under 11 U.S.C. § 544 and California Civil Code § 3439.04, Defendant, as a good faith transferee, is, to the extent of the indirect value given to the Debtor, entitled to: (1) a lien on or a right to retain any interest in the asset transferred; (2) enforcement of any obligation incurred; or (3) a reduction in the amount of the liability of any judgment obtained by the Debtor, pursuant to 11 U.S.C. § 544 and California Civil Code § 3439.08(d).

### TENTH AFFIRMATIVE DEFENSE

52. Defendant incorporates herein by reference Paragraphs 31 through 35.

545267v1

53. The Debtor aided and abetted, and colluded with, Bradley Ruderman in fraudulently inducing Defendant to execute a rental agreement with Bradley Ruderman.

**ELEVENTH AFFIRMATIVE DEFENSE**

54. Defendant incorporates herein by reference Paragraphs 31 through 35, and Paragraph 53.

55. Defendant is entitled to set off the value that he transferred as a result of the transfers at issue in the Complaint against any amounts found to be owed by him to the Debtor.

**TWELFTH AFFIRMATIVE DEFENSE**

56. Certain of the Trustee's claims are barred by the statute of limitations. The Complaint was filed on July 22, 2010.

56. All transfers that occurred more than four years before the filing of the Complaint or the commencement of the Debtor's case are not voidable because the Trustee has failed to plead or allege any facts demonstrating why the transfers could not reasonably have been discovered within four years of such transfer, as required under 11 U.S.C. § 544 and California Civil Code § 3439.09(a).

**PRESERVATION OF FUTURE DEFENSES**

57. Defendant, after completion of discovery, may be entitled to one or more additional defenses provided by the Bankruptcy Code, Rule 8 of the Federal Rules of Civil Procedure, Rule 9 of the Federal Rules of Civil Procedure, and/or applicable law, and to the extent that discovery in this matter provides a reasonable basis for any such defense, Defendant reserves the right to amend this Answer to assert any such additional affirmative defenses.

**WHEREFORE**,

1. With respect to the Complaint, Defendant prays that the Trustee take nothing; and

2. As to all matters, Defendant prays for such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Defendant hereby demands a jury trial on all issues and claims triable to a jury in this matter.

DATED this 1st day of November, 2010.

                                              STUTMAN, TREISTER & GLATT, P.C.
                                              H. Alexander Fisch

                                    By:  /s/H. Alexander Fisch
                                                Attorneys for Defendant

545267v1

| | CHAPTER 7 |
|---|---|
| Howard M. Ehrenberg, Chapter 7 trustee  v. Jerold Weber, Defendant | Adv. No. 2:10-ap-02329 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA  90067.

A true and correct copy of the foregoing document described as **ANSWER OF JEROLD WEBER TO FIRST AMENDED COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On November 1, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On November 1, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 1, 2010 | Kendra A. Johnson | */s/ Kendra A. Johnson* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**

545269v.1

| | |
|---|---|
| Howard M. Ehrenberg, Chapter 7 trustee  v. Jerold Weber, Defendant | CHAPTER 7<br><br>Adv. No. 2:10-ap-02329 |

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Howard M Ehrenberg (TR)
ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;hmehrenberg@ecf.epiqsystems.com

H Alexander Fisch on behalf of Defendant Jerold Weber
afisch@stutman.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Corey R Weber on behalf of Plaintiff Howard Ehrenberg, Ch 7 Trustee
ecf@ebg-law.com, cweber@ebg-law.com

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL

**Overnight Mail**
Judge Ernest M. Robles
U.S. Bankruptcy Court
255 E. Temple Street
Suite 1560
Los Angeles, CA 90012

**U.S. MAIL**
Counsel for Plaintiff
Corey R. Weber
Ezra Brutzkus Gubner LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

Chapter 7 Trustee/Plaintiff
Howard M. Ehrenberg
Sulmeyer Kupetz
333 South Hope Street, 35th Floor
Los Angeles, CA 90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**

545269v.1